## George Purtell v. The State.

1. Theft—Charge of Court.—On the trial of B for theft he offered in evidence a bill of sale to the property alleged to have been stolen to justify his possession. An objection by the district attorney to its introduction was withdrawn, and the paper read. In the absence of any evidence of its alteration, except that which an inspection of the paper may have furnished, the court instructed the jury that if they believed that the bill of sale was altered or antedated, they should discard it from their consideration : *Held*, error, because the action of the district attorney was calculated to throw the defendant's counsel off his guard, and prevent him from introducing evidence to sustain the genuineness of the paper.

2. Theft—Fraudulent taking.—Every fraudulent taking of property is not theft, and a charge that " the crime of theft is complete by the act of fraudulent taking into possession property not his own" is erroneous.

APPEAL from Hill.   Tried below before the Hon. F. P. Wood.

George Purtell was indicted for horse-stealing. On the trial his counsel offered in evidence, to justify his possession of the animal, a bill of sale. Its introduction as evidence was objected to by the district attorney on the ground that it bore on its face the evidences of having been altered, but this objection was afterwards waived, and the paper read to the jury. The judge, among other things, charged the jury as follows, viz: "If the instrument in writing bears on its face the appearance of having been altered, it devolves on the defendant to explain the alteration, &c., in order to remove any just suspicion that may be indulged against it." The exceptions to this charge were overruled and the action of the court assigned for error. Verdict of guilty, and punishment fixed at five years in the State penitentiary, from which Purtell appealed. Other action of the court below is apparent from the opinion.

*A. Bradshaw*, for appellant.

*George Clark, Attorney General*, for the State.

DEVINE, ASSOCIATE JUSTICE.—The indictment charged appellant with the theft of a brown gelding, owner unknown, giving value and marks, and containing the usual averments. The indictment contained a second count charging or intending to charge the defendant, under articles "a," "b," 775, of Criminal Code, Paschal's Dig., 2440, 2441, concerning estrays, with "unlawfully and willfully taking into his possession and use a brown gelding." The attorney for the State, under the direction of the court, was required to elect under which count in the indictment he would proceed to try the accused, and selected the first count. The defendant was found guilty. Of the errors assigned and exceptions taken it will only be necessary to

notice one or two of the principal ones. The court erred in the charge to the jury, when, after charging the law on the count on which the district attorney had elected to try the accused, it proceeded to inform the jury that if they believed that the bill of sale of the gelding offered in evidence by defendant was altered or antedated to the 1st of March, 1874, by him, that they should discard from their consideration the bill of sale so read in evidence. On the introduction of this bill of sale, the district attorney at first objected to its being used as evidence on the ground of an alleged alteration in its date, and then withdrew his objection and permitted it to be read in evidence. There is nothing in the record that shows any evidence on the question of alteration. The withrawal of all objection to its introduction by the State was calculated to throw the counsel for appellant off his guard in producing evidence, if such were necessary, to explain the supposed alteration, and the court should have omitted that portion of the charge. We are of opinion that every fraudulent taking of the property of another is not theft, and there was error in charging "that the crime of theft is complete by the act of fraudulently taking into possession property not his own." The action of the court is complained of in charging the jury on the subject embraced in the second count in the indictment, as that had been abandoned, and the selection of the first count on which to try defendant had been made by the district attorney before the commencement of the trial. This action of the court was error. The court charged the jury on the second count, which had been formally abandoned previous to the trial by the district attorney, that the taking up or using of any animal coming within the meaning of an estray he would, under the law, be guilty of theft. This charge, under other circumstances, and given with reference to an indictment charging the offense properly, might be proper in this case; it was otherwise under the previous action of the court

and selection of count on which to prosecute by the district attorney.

The judgment is therefore reversed and cause remanded.

REVERSED AND REMANDED.